STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BENJAMIN FARRIOR, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 9, 1951—Decided July 17, 1951.

Before Judges COLIE, GRIMSHAW and HARTSHORNE.

*Mr. Harold Krieger* argued the cause for appellant.

*Mr. Raymond J. Cuddy*, Assistant Prosecutor, argued the cause for respondent.

The opinion of the court was delivered by

COLIE, J. S. C. This appeal is from a judgment of conviction of the defendant, Benjamin Farrior, upon the trial of an indictment charging in the first count that on May 14, 1950, he did carnally abuse one Barbara Williams, contrary to the provisions of *R. S.* 2:163–1, and by a second count that he did on that date commit an assault with intent to commit carnal abuse, contrary to the provisions of *R. S.* 2:110–2. The appellant alleges error in the admission of certain testimony, error in not dismissing the first count of the indictment and error in the charge of the court. At the oral argument, the last named ground was abandoned, the appellant conceding that the court correctly charged the law but that the stenographic transcript of the testimony upon which the ground was originally based was erroneous.

During the course of the trial of the case, the mother of the infant was on the stand and in response to a question

proceeded, in narrative form, to relate her connection with the incident upon which the indictment was based. In the course of that testimony she said:

> "They took Barbara Jane to a medical doctor on Bergen Avenue. I think it's Bergen and Belmont—some place on Bergen Avenue. The doctor noticed it was a discharge but there was no skin broken.
>
> Mr. Kanis: If your Honor please, I object.
>
> Mr. Cuddy: Don't tell us about what the doctor said, Mrs. Williams."

The appellant contends that by virtue of *Rule* 1:2–19 (a) and *Rule* 1:2–20 (b), made applicable to the Appellate Division by *Rule* 4:2–6, the judgment should be reversed. *Rule* 1:2–19 (a), so far as applicable to the present case reads: "Error in the admission * * * of testimony * * * shall be cause for reversal if specific objection thereto was made and it appears from the entire record of the proceedings had upon the trial that the defendant thereby suffered manifest wrong or injury." We point out that prior to the statement which we have quoted above, counsel, interrupting the narration, had asked to have the time fixed, whereupon the court said: "I see no necessity for interrupting the narrative. The hour can always be fixed by the prosecutor in the next question or by you on cross-examination." Thus, tacit approval was given to the testimony in narrative form and there was no warning to counsel for the appellant that the statement, "The doctor noticed it was a discharge but there was no skin broken" was coming into the case. He therefore had no opportunity in advance of the statement to object, and he noted his objection thereafter. No motion was made to strike the testimony and for the court to instruct the jury to disregard it. Nevertheless, the matter was called to the attention of the trial judge and a specific objection was made thereto. The State argues that there must be a judicial ruling from which to appeal and that inasmuch as no request was made of the court to strike the testimony, this court is without the power to consider the question. It seems to us that the appellant has brought himself within the

protection of that part of *Rule* 1:2–19 (a) which we have quoted above, although we think that the record would have been stronger from the point of view of the defendant had there been a request to the court to instruct the jury to disregard the testimony.

The defendant concedes in his brief that if there was a male discharge upon the body of the infant, the presence thereof would completely discredit the defendant's testimony, with which statement we are in complete accord. This testimony injected into the case an element which must have been based upon hearsay evidence. The only way that the mother could know that the doctor noticed the discharge was by his so stating. If he did not so state, then in order to have testified that he noticed it, she would have had to read his mind. It is significant that no doctor was called by the State and we think that the admission of this testimony was manifest wrong or injury to the defendant, for, as previously stated, if the jury believed it, then it completely destroyed the defendant's credibility.

The judgment is reversed.